HENRY SNAKENBERG, as Treasurer of Keokuk County, Iowa, Appellant, v. BARBARA STEIN, Appellee.

**Taxation:** LISTING OF OMITTED PROPERTY. The county treasurer need
1 not list omitted property for taxation on the day specified in
the notice to the taxpayer to appear and show cause why the
same should not be listed and taxed, but may do so within a
reasonable time thereafter.

**Assessment in wrong district:** REASSESSMENT. Moneys and credits
2 should be listed and assessed to the owner in the district in
which he resides, although in the possession of agents residing
elsewhere, but when the property has been listed in good faith
by such agents in another township of the same county and
the tax levied thereon paid, the county cannot collect back taxes
thereon for the same year in the district of the owner's resi-
dence, without offering to return the tax previously paid.

**Assessment in wrong county:** REASSESSMENT. The assessment and
3 payment of taxes in the wrong county will not preclude taxa-
tion of the property for the same year in the county of the
owner's residence, and the collection thereof as omitted taxes.

*Appeal from Keokuk District Court.*— HON. BYRON W. PRESTON, Judge.

WEDNESDAY, FEBRUARY 15, 1905.

ACTION at law to recover taxes upon moneys and credits alleged to have been omitted from assessment. Judgment for the defendant, and plaintiff appeals.— *Modified* and *affirmed.*

*Voris & Haas,* for appellant.

*F. L. Goldner,* for appellee.

WEAVER, J.— The facts upon which this controversy depend are not in dispute. During all of the years 1900,

1901, and 1902, and for a considerable time prior to that period, the defendant Barbara Stein was a resident of Sigourney, Keokuk county, Iowa. During all of the years named Mrs. Stein was the owner of moneys and credits in excess of debts and liabilities to the amount of several thousand dollars. In the year 1899, being of advanced age and in failing health, she delivered said property into the possession of her son-in-law, Joseph Kramer, a resident of Lafayette township, in Keokuk county, and gave him a power of attorney to keep and manage the same for her. Kramer listed the property with the assessor for taxation in Lafayette township for the years 1900 and 1901, and taxes were regularly levied and paid upon such assessment. On January 10, 1902, Kramer relinquished the trust, which was then by Mrs. Stein transferred to her son, Peter Stein, a resident of Washington county. Peter Stein assumed possession and management of the property, and listed it for taxation for the year 1902 in Washington county, and taxes were there levied and paid. For neither of the three years mentioned did Mrs. Stein return any moneys or credits for taxation in Sigourney, nor were any taxes in fact levied or paid thereon in said taxing district. On August 26, 1903, certain so called " tax ferrets " employed by the county brought the matter to the attention of the county treasurer, and, on the claim that said property was properly assessable in Sigourney for each of said years, said treasurer gave notice to Mrs. Stein to appear on September 7, 1903, and show cause why said moneys and credits should not be listed as property omitted from assessment in Sigourney for the years 1901, 1902, and 1903. On the day named a hearing was had before the treasurer, and on September 10, 1903, he assessed the said moneys and credits to Mrs. Stein as a resident of Sigourney for each of the years named. From this action an appeal was taken to the district court, which reversed the order made by the county treasurer, and vacated the assessment made by him. The matter is now before us upon the appeal of the treasurer.

I.  It is insisted that as the treasurer did not list the property on September 7, 1903, the day named in the notice, his subsequent listing thereof was without jurisdiction and void.  We think this cannot be correct.  Mrs. Stein did appear to the notice and made her objection to the assessment.  We see no reason why the treasurer, after hearing the objections and the testimony offered, if any, may not take a reasonable time to consider the matter before making the entry upon his books. The entry was in fact made on September 10th, but three days after the hearing, and is not in our judgment open to the objection here raised.

1. LISTING OF OMITTED PROPERTY.

II.  We regard it beyond question that the moneys and credits of Mrs. Stein were property assessable to her in Sigourney for each of the three years 1900, 1901, and 1902. Code, sections 1313, 1350, 1354; *German T. Co. v. Board,* 121 Iowa, 325.  She resided there during all the time, and the possession of her property by her agents and attorneys, though residing elsewhere, was her possession, and, under the statute as interpreted by this court in the German Trust Company Case, it was her duty to list the property with the assessor of Sigourney.  The appellant concedes that in failing to so list the property in Sigourney, and that in causing it to be listed in Lafayette township and thereafter in Washington county, Mrs. Stein and her said agents acted in good faith, and without any fraudulent or wrongful purpose to evade taxation.

2. ASSESSMENT IN WRONG DISTRICT: reassessment.

We have, then, to consider whether, in a proceeding to collect taxes upon property alleged to have been omitted from assessment in the proper taxing district, it is a sufficient defense to show that the property was in fact taxed for the years in question in another district.  Ordinarily speaking, we think this question would have to be answered in the negative. To hold otherwise, would be to open the door to both fraud and confusion.  As a rule, we think the taxing officers of the proper district may ignore an attempt to assess property

elsewhere as being without jurisdiction and void, but cases may arise where equitable consideration will estop the officers from an insistence upon such claim. Such considerations exist in this case as to the taxes for the years 1900 and 1901. The property was all assessed in Lafayette township, Keokuk county. The county, by its officers, levied taxes upon this assessment. Its treasurer collected them, and the moneys thus arising have presumably been distributed among the various public funds. They have not been returned, nor is any return tendered. We do not think the county nor those for whose benefit the taxes were collected should be permitted, while accepting the benefit of the erroneous tax, to insist upon its invalidity and compel the defendant to pay it a second time. If it be said that this may result in the loss of some revenue by the city of Sigourney, we can only say that there is no injustice in holding the city bound by the act of its trustee, the county treasurer. We might also add that Mrs. Stein was at all times a resident of Sigourney, and the assessor and board of review of that city could have placed the property on the tax list had they been so minded. She is admitted to have practiced no fraud or concealment in the matter, and, in the absence of bad faith, we do not think the court should permit itself to be made an instrument for extorting double taxation for the benefit of the same county.

The reasons here adverted to do not apply with like force to the tax of 1902. In that instance the property was taken into another county and was there taxed. Neither Keokuk county nor its officers were in any manner instrumental in assessing or taxing it for that year, and no part of the revenue therefrom was collected or received by said county or by its agents or officers. The assessment in Washington county was void, and while defendant paid it in good faith, such payment will not excuse her from paying the tax duly levied in the proper taxing district, in the absence of any equities to estop such collection.

3. ASSESSMENT IN WRONG COUNTY: reassessment.

We therefore hold that the judgment appealed · from should be affirmed as to the taxes for 1900, and that as to the tax for 1902 the assessment made by the treasurer should be affirmed. Costs taxed two-thirds to the appellant, and one-third to the appellee.— *Modified* and *affirmed.*